UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Navarro-Tamayo<br>(A-Number: A-240-282-699),<br><br>               Petitioner,<br><br>    v.<br><br>Warden, California City Correctional<br>Center,<br><br>              Respondent. [1] | No.  2:26-cv-00765-KES-EPG (HC)<br><br>ORDER GRANTING PETITION FOR WRIT<br>OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner David Navarro-Tamayo is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim two of the petition.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366

---

[1] In addition to naming the warden of the California City detention facility, petitioner also named as respondents the Field Office Director of the San Diego ICE Field Office, Todd M. Lyons, Kristi Noem, and Pamela Jo Bondi.  *See* Doc. 1.  As petitioner challenges only his present physical confinement, *see* Doc. 1, Prayer for Relief at ¶¶ 4, 6–7, a core habeas challenge, the warden of California City detention facility is the only proper respondent.  For such core habeas challenges, "only one person can be said to maintain custody over the detained petitioner, and that person is the proper respondent . . . ."  *Doe v. Garland*, 109 F.4th 1188, 1195 (9th Cir. 2024).  The motion to dismiss from this action all respondents other than petitioner's immediate custodian, the warden, is GRANTED.  *See* Doc. 6.

1

(E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondent to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 5. Respondent states that they "do not have legal arguments to distinguish this case from prior orders issued by the Court, nor do [they] find material factual differences between this case and those identified by the Court."[2] Doc. 7 at 2. Respondent opposes the petition but does not raise any new arguments. *See id.* at 1–2.[3]

As respondent has not distinguished this case from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is

---

[2] Respondent notes that petitioner was arrested on January 12, 2026 for a state misdemeanor non-moving traffic violation. *See* Doc. 7 at 2, 19. But respondent has not alleged that petitioner was found guilty of any offense. *Cf. Duncan v. California*, No. S-04-523 LKK/PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006) ("The contention that an arrest, without more, constitutes evidence of criminal activity is without merit."). Respondent has not shown a basis to detain petitioner based on a state traffic violation charge, particularly as no finding has been made as to petitioner's guilt.

[3] Respondent also requests, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025, or *Benavides Carballo v. Andrews*, No. 25-6533 (9th Cir.), which concerns an as-applied constitutional challenge to detention under § 1226(c). *See* Doc. 7 at 3–4. But petitioner is not subject to § 1226(c) and immigration officials previously released petitioner after implicitly determining that he did not pose a flight risk or a danger; the issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his re-detention. Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance.

GRANTED as to claim two, for the reasons addressed in those prior orders.[4]

Respondent is ENJOINED AND RESTRAINED from detaining petitioner unless the government demonstrates, within seven (7) days of the date of this Order, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[5]  Respondent shall provide petitioner with 48 hours' written notice before said bond hearing.

Respondent is ORDERED to provide petitioner with a copy of this Order.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:    March 17, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[4] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks related to his detention based on the Court's ruling on claim two.

[5] This Order does not address the circumstances in which respondent may detain petitioner in the event he becomes subject to an executable final order of removal.

3